Anthony R. Montoya
9820 N. Central Avenue, #131
Phoenix, AZ 85020
(602) 999-7239
anthonyrmontoya@gmail.com
AZ Bar #022322
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert Gasparoff,<br><br>          Plaintiff,<br><br>     v.<br><br>Watch Tower Bible and Tract<br>Society of Pennsylvania,<br><br>          Defendant.<br>_____ | No. CV-21-196-TUC-JAS<br><br>**Defendant's Motion to Dismiss<br>the Amended Complaint** |

Pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure, Defendant, Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") moves to dismiss Plaintiff's Amended Complaint served on Defendant on June 29, 2021.

### I.     *Introduction*

Plaintiff brought this action because he disagrees with what he understands to be Watch Tower's religious doctrine. Plaintiff alleges that Watch Tower has a "false interpretation" of religion, and promotes doctrine that does "not have a scriptural support." *See* Amended Complaint, p. 6. Ecclesiastical and theological controversies regarding scriptural and doctrinal interpretation are issues beyond the Court's jurisdiction. Even if Plaintiff could overcome these legal hurdles, the Court

1

does not have subject matter or personal jurisdiction over Watch Tower, and Plaintiff does not have standing. The Amended Complaint should be dismissed.

## II.     Factual Background

According to Plaintiff's Amended Complaint, the basis for "federal court jurisdiction" is "Federal question" based on "Amendment I." *See* Amended Complaint, p. 3. The statement of claim in the Amended Complaint is as follows:

> The First Amendment prevents the government from making laws that prohibit the free exercise of religion. However, religion or false interpretation thereof should not incite people to commit suicide in order to prove their faith to God. Such propaganda is deleterious to public safety, and therefore should not be disseminated by preaching activity. In 1945, Watch Tower [Bible] and Tract Society of Pennsylvania prohibited its members from getting medical treatment such as blood transfusion. This prohibition does not have scriptural support; it contradicts the Bible. Since when does the Bible promote suicide? Or since when does God approve it?
>
> The menticide or suicidal indoctrination by the Governing Body of Jehovah's Witnesses regarding life-saving medical treatment, namely a blood transfusion, continues for many decades jeopardizing safety of the public. People lose their lives because of this false interpretation of the Bible.
>
> Every person has the right to accept or refuse medical treatment, but this must be an informed decision, and medical advice should be given by a healthcare professional. The Founding Fathers established our Constitution and granted the aforementioned constitutional right to those who peacefully practice their religion, but not to those who would abuse this right by disseminating suicidal doctrine while calling it a peaceful religious practice.

*See* Amended Complaint, p. 6.

### III.     Memorandum of Law

#### A. Dismissal is warranted as civil courts are not arbiters of Scriptural interpretation.

Plaintiff alleges Watch Tower has a "false interpretation" of religion and that its doctrines lack "scriptural support" and "contradict[] the Bible." *See* Amended Complaint, p. 6. Plaintiff asks this Court "to determine if it is constitutional to use Amendment 1 in order to propagandize suicidal ideology under the guise of peaceful religious practice." *See* Amended Complaint, p. 7. Essentially Plaintiff invites the Court to rule on theological issues of religious doctrine. This it may not do.

It is well established that "[c]ourts are not arbiters of scriptural interpretation." *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 716 (1981). Nearly 150 years ago, the United States Supreme Court recognized that civil courts have no jurisdiction over "church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Watson v. Jones*, 80 U.S. 679, 733 (1872). Since "religious controversies are not [the] proper subject of civil court inquiry," secular courts may not interpret "ambiguous religious law and usage" or resolve "controversies over religious doctrine and practice." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708, 713 (1976); *Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 449 (1969).

The First Amendment offers broad protection for the free exercise of religious beliefs, including "the right of churches and other religious institutions to

decide matters 'of faith and doctrine' without government intrusion." *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S.Ct. 2049, 2060 (2020) ("State interference in that sphere would obviously violate the free exercise of religion, and any attempt by government to dictate or even to influence such matters would constitute one of the central attributes of an establishment of religion. The First Amendment outlaws such intrusion.").

The allegations against Watch Tower in the Amended Complaint are at the heart of what a court may not decide. Adjudicating this case would impermissibly entangle the Court in controversies over religious doctrine which are constitutionally impermissible and beyond the scope of the Court's jurisdiction. Dismissal is therefore appropriate.

### B. This Court Lacks Subject Matter Jurisdiction

Even if the Court was permitted to adjudicate theological issues of church doctrine and scriptural interpretation, the Court lacks subject matter jurisdiction as Plaintiff seeks a declaratory judgment on Watch Tower's alleged religious doctrine. Plaintiff asks the Court to declare or "determine if it is constitutional to use Amendment 1 in order to propagandize suicidal ideology under the guise of peaceful religious practice." *See* Amended Complaint, p. 7.

Title 28, United States Code, Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Jurisdiction exists only if a federal question "appears in the plaintiff's statement of his own claim." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75 (1914)).

According to his statement of claim, Plaintiff wants the Court to tell Watch Tower what its religious rights are. Plaintiff does not indicate how knowing the scope of Watch Tower's rights will affect him. Plaintiff does not allege that Watch Tower is violating his First Amendment rights. Indeed, Watch Tower cannot violate Plaintiff's First Amendment rights because Watch Tower is a private entity acting as a private entity. *Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir.1991) ("since there was no sufficient pleading that the private appellees were acting under color of state law, the district court properly dismissed the action as to them."). Plaintiff does not have a claim based on federal law, or any valid claim at all

Because it is the "plaintiff's statement of his claim" that controls, that Plaintiff may anticipate Watch Tower's First Amendment defense to support its alleged religious activities also does not create federal question jurisdiction. *Franchise Tax Bd. of State of Cal.,* 463 U.S. at 10.

In the usual declaratory judgment action, where there is an actual dispute between the parties, the position of the parties is reversed. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952) ("In this case, as in many actions for

5

declaratory judgment, the realistic position of the parties is reversed."). Federal question jurisdiction therefore exists over a declaratory judgment action if a plaintiff's well-pleaded complaint alleges facts demonstrating the defendant could file a coercive action arising under federal law. *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997). In other words, "it is the character of the threatened action," by the declaratory judgment defendant, which will determine whether there is federal-question jurisdiction in the District Court." *Wycoff Co.*, 344 U.S. at 248. In this case, no facts support a conclusion that Watch Tower could file a coercive action under federal law against Plaintiff. Just as Watch Tower cannot violate Plaintiff's First Amendment rights, Plaintiff cannot violate Watch Tower's First Amendment rights. In sum, there is no construction of the facts or law that could support the existence of federal question jurisdiction.

### C. Plaintiff Does Not Have Standing

Plaintiff does not have any "personal stake" in this matter. "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.' For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021) (internal quotation marks omitted). "To demonstrate their personal stake, plaintiffs must be able to sufficiently answer the question: 'What's it to you?'…" *Id.* at 2203. "To answer that question in a way sufficient to establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury

6

was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.  If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *Id.*  (citations and internal quotation marks omitted).

Plaintiff has not and cannot meet any of the three elements.  Plaintiff does not allege that he has suffered an injury that was caused by Watch Tower.  It appears that he simply disagrees with Watch Tower's alleged "false interpretation of the Bible."  *See* Amended Complaint, p. 6.  And, as a matter of law, issues concerning Watch Tower's alleged religious doctrine may not be redressed by judicial relief.  *Our Lady of Guadalupe School*, 140 S.Ct. at 2060 (The First Amendment protects the right of religious institutions "to decide matters 'of faith and doctrine' without' government instruction") (citations omitted).

As explained in *TransUnion*, "[u]nder Article III, federal courts do not adjudicate hypothetical or abstract disputes.  Federal courts do not possess a roving commission to publicly opine on every legal question.  Federal courts do not exercise general legal oversight of … private entities.  And federal courts do not issue advisory opinions." *TransUnion LLC, 141 S.Ct. at 2203.* The Complaint must be dismissed for lack of standing.

### D. Lack of Personal Jurisdiction over Watch Tower

It is Plaintiff's burden to demonstrate that personal jurisdiction over Watch Tower—a not-for-profit corporation incorporated in Pennsylvania—is proper in Arizona.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.

2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.")

The Amended Complaint alleges that Watch Tower's address is "100 Watchtower Dr. Patterson, Putnam County NY, 12563-9204." *See* Amended Complaint, p. 2. It does not allege, nor can it, that Watch Tower is registered in Arizona. As the Amended Complaint does not present any basis for this Court to exercise personal jurisdiction over Watch Tower in Arizona, Plaintiff has not and cannot meet his burden. Dismissal is appropriate pursuant to Rule 12(b)(2).

### IV. Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint must be dismissed.

Respectfully submitted this 20th day of July, 2021,

                        /s/ Anthony R. Montoya
                        Anthony R. Montoya
                        9820 N. Central Avenue #131
                        Phoenix, AZ 85020
                        (602) 999-7239
                        anthonyrmontoya@gmail.com
                        AZ Bar #022322
                        *Attorney for Watch Tower Bible*
                        *and Tract Society of Pennsylvania*

## CERTIFICATE OF CONSULTATION

In accordance with Rule 12.1(c) of the Local Rules of Civil Procedure, the Defendant has in good faith conferred with Plaintiff via email in an effort to resolve issues that are the subject of this Motion. The parties were unable to agree that the pleading was not curable.

s/ Anthony R. Montoya<br>
Anthony R. Montoya

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and service. I also certify that I have this day mailed, U.S. Mail, postage prepaid, a true and correct copy of the foregoing to Plaintiff Robert Gasparoff, at the following address: 3300 N. Paseo De Los Rios 18104, Tucson, AZ 85712.

/s/ Anthony R. Montoya<br>
Anthony R. Montoya