Robert Gasparoff
3300 N Paseo De Los Rios 18104
Tucson, AZ 85712
(520)269-5610
rob.gasparoff@outlook.com
Plaintiff



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gasparoff,<br><br>    Plaintiff,<br><br>v.<br><br>Watch Tower Bible and Tract Society of Pennsylvania,<br><br>    Defendant. | Case No. CV-21-196-TUC-JAS<br><br>**Plaintiff's Responsive Memorandum to Defendant's Motion to Dismiss the Amended Complaint** |

Pursuant to the Local Rule 7.2(c) of the Federal Rules of Civil Procedure, Plaintiff, Robert Gasparoff, files the responsive memorandum in order to oppose Defendant's Motion to Dismiss the Amended Complaint filed on July 20, 2021.

## I.   *Purpose of the action*

Defendant stated, "Ecclesiastical and theological controversies regarding scriptural and doctrinal interpretation are issues beyond the Court's jurisdiction. Even if Plaintiff could overcome these legal hurdles, the Court does not have the subject matter…"

Plaintiff is not getting into theological controversy with Defendant, Plaintiff is not asking the Court to determine if Defendant's scriptural interpretation is correct, or if there is any scriptural support of suicidal ideology. I am is asking the Court to determine if it is lawful in the United States to propagandize suicidal ideology, *regardless of its source*, whether it is based on benevolent teaching of religious texts or non-religious intent or desire to educate and incite. Is it lawful for any legal entity that openly propagates suicidal ideology to use Amendment I as justification to for its actions? The ideology possesses threat not only to an individual person's life, but also acts in opposition to the entire US Healthcare System. The question is not about how Defendant understands scriptural writing; it is not about determining if the Bible promotes suicidal ideology, or if God approves suicide, or if Jesus and his disciples ever taught such ideology. The question is about the suicidal ideology that the members of Watch Tower Bible and Tract Society of Pennsylvania propagandize to the public nationwide, and specifically in the State of Arizona. Does Amendment I imply that if a legal entity who claims to be a religious organization can propagandize any deleterious ideology that possesses serious threat to public health? In this context it is important to consider the spirit of the law.

## II.     *Subject Matter and Personal Jurisdiction over Watch Tower Bible and Tract Society of Pennsylvania*

There are multiple Assembly Halls and Kingdom Halls of Jehovah's Witnesses in Arizona. However, they are not authorized to give the directions; they follow the directions given by the Governing Body of Jehovah's Witnesses who are the leaders of Watch Tower Bible and Tract Society of Pennsylvania, which is located in New York.

The direction to propagandize suicidal ideology in the State of Arizona (and by extension nationwide) comes from Defendant who is headquartered in the State of New York. *The entire State of Arizona is affected* by the directions given by Defendant. Although Defendant is not registered in Arizona, the Court can enforce ruling or decree upon Defendant, and this can be accomplished by means of comity. Also, does not the Court have authority to determine if certain activity in the State of Arizona is harmful to the public?

Defendant stated, "Plaintiff wants the Court to tell Watch Tower what its religious rights are." However, propaganda of suicidal ideology is not a religious right in the United States. Consequences of practicing such doctrine are terrible and tragic not only to the victims but also to their families.

### III. *Standing*

Defendant stated that Plaintiff does not have "personal stake" or standing in the case; Plaintiff must show that he suffered an injury. A person who loses his or her life in an emergency situation because of refusal of life-saving medical treatment due to menticide or psychological brainwashing cannot bring an action. Therefore, Plaintiff cannot have a "personal stake"; Plaintiff's main concern is *public safety*. Therefore, Plaintiff is asking the Court to take this specific situation into consideration. Otherwise, people will continue to lose their lives and no one will ever have "personal stake" or standing, and the Court will never be able to administer justice.

Defendant stated," Plaintiff must show that the injury would likely be redressed by judicial relief." However, this kind of injury cannot be redressed. The victim cannot be compensated. As for Plaintiff, the only purpose of this action is administration of justice for the sake of public safety.

***Defendant acts in opposition to the Declaration of Independence, Amendment I, the Preamble to the United States Constitution, and the statutes of the State of Arizona as well as the State of New York***

Free and open religious public education provided by Watch Tower Bible and Tract Society of Pennsylvania includes suicidal doctrine, which acts in opposition to the fundamentals of the Declaration of Independence, namely "Life, Liberty, and pursuit of Happiness."

a) Defendant alleges that God does not condemn suicide which results from refusal of life-saving medical treatment such as blood transfusion, and incites its members as well as the public to whom the organization preaches to follow God's direction as it is understood by Defendant, thus depriving people of their *lives* (when life could have been preserved).
b) Defendant deprives people of *liberty* to make an informed decision based on advice of a healthcare professional. Indeed, an HCP cannot force a patient to make a certain decision, however, an HCP can and will give the most reasonable and beneficial advice in order to preserve patient's health and life.
c) As a result of tragic consequences, Defendant deprives victims and their families of *happiness* of being together.

Freedom of speech and expression is a protected right in the United States. This right by no means should be used to the detriment of our citizen's; this is not the intent of Amendment I.

The suicidal indoctrination of Watch Tower Bible and Tract Society of Pennsylvania acts in opposition to the fundamentals of the Preamble to the United States Constitution, which says, "… promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity". Is it reasonable or fair to deprive a mother or newborn of medical treatment such as blood transfusion, and not preserve life? Watch Tower Bible and Tract Society of Pennsylvania claims and openly teaches the public that refusal of such medical treatment is the right choice to make, and uses God as authority. Watch Tower Bible and Tract Society of Pennsylvania obtained a legal document, Durable Power of Attorney for Health Care that every member of the organization is bound to carry at all times. It restricts an HCP to give life-saving treatment to the patient who needs a blood transfusion. Accordingly, Defendant is capable to initiate litigation process against first responders and life-savers, which has happened in the past. Defendant alleges that the scripture on the Durable Power of Attorney for Health Care is what he understands is God's direction to give up one's life rather than accept medical treatment. (It is known that US Supreme Court held that courts may "exercise no jurisdiction" over matters that concern theological controversy or church discipline. Therefore, I am not asking the Court to determine if the scripture implies that but to determine if is it a due process of law to allow a legal entity to promote suicide in the State of Arizona by means of a legal document which can be used at the healthcare facilities. Conversation is not about euthanasia. These patients are not critically ill. Their life can be easily preserved.)

There are many branches of Christianity but none of them teach the public to give up one's life rather than accept medical treatment such as blood transfusion. Watch Tower Bible and Tract Society of Pennsylvania has been engaged in this activity since 1945, but loss of human lives because of Defendant's actions has not been condemned, yet. According to statistics thousands of lives are lost every year because of this indoctrination, however, only Defendant has accurate information about the numbers of lives lost since the enactment of this religious organization's dictatorial decree. Abovementioned suicidal indoctrination directly violates the law. Now, I will provide the statutes.

There is the law in the State of Arizona that prohibits aiding and abetting suicide. I will provide two citations for the State of Arizona and one citation for the State of New York:

a) Please refer to AZ § 36-3210.

This statute generally addresses euthanasia in a medical setting (but by extension may apply to any other setting). Is Watch Tower Bible and Tract Society of Pennsylvania exempt from this law, its principle, its spirit?

b) Please refer to AZ § 13-1103 (3).

The statute says, "… intentionally providing physical means that another person uses to commit suicide." Defendant does not provide a murderous weapon, however, provision of the Bible along with organization's other literature that supports the suicidal ideology can be considered as physical means to encourage or persuade the patient to refuse medical treatment and give up his or her life. Also, the statute mentions that it is done with the knowledge that the person intends to give up his life. Defendant persuades the patient to refuse medical treatment and give up his or her life. Defendant uses God as authority to persuade the patient *to commit suicide by verbally refusing life-saving medical treatment.*

c) Please refer to NY Penal L § 120.30.

This law precisely applies to this type of situation. Defendant's actions are in direct violation of this statute.

## IV.   Conclusion

I am asking the Court to consider this case from a different perspective, not theological but legal. I am not discussing or arguing about what Defendant believes, and how Defendant understands and interprets the scriptures. I am emphasizing Defendant's actions and consequences thereof regardless of the source of motivation or the authority that Defendant uses to persuade.

For the abovementioned reasons, Plaintiff is asking the Court to arrange the hearing of the case.

Responsive Memorandum submitted on August 2, 2021.

Also, true and correct copy of the foregoing has been submitted to Defendant electronically and by U.S. Mail on August 2, 2021.

/s/ Robert Gasparoff

Robert Gasparoff

3300 N Paseo De Los Rios 18104

Tucson, AZ 85712

(520)269-5610

rob.gasparoff@outlook.com

Plaintiff